IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-HC-02078-M-RJ

THOMAS ENELY DAVIS,                    )
                                       )
                  Petitioner,          )
                                       )
                                       )                  ORDER
        v.                             )
                                       )
STATE OF NORTH CAROLINA,               )
                                       )
                  Respondent.          )

On April 27, 2026, Thomas Enely Davis ("petitioner"), a state pretrial detainee housed at

the Johnston County Jail, filed *pro se* what the court construed as a petition for a writ of habeas

corpus under 28 U.S.C. § 2241. [D.E. 1]. Pursuant to an order of deficiency, Order [D.E. 3],

petitioner refiled a petition on the forms prescribed for use by the court, Pet. [D.E. 4], and paid the

filing fee. The court now conducts its initial review of the petition pursuant to 28 U.S.C. § 2243.

Petitioner asserts he is being held at the Johnston County Jail on charges in Nash County

but, although his bond was set on March 11, 2026, both counties failed to produce him for a first

appearance on March 13, 2026. Pet. [D.E. 4] at 1–2. For relief, petitioner seeks an immediate

hearing on the legality of his detention and either "release, dismissal[,] or bond review." Id. at 7.

Although the statutory language of § 2241 lacks an explicit exhaustion requirement, if

issues raised in a pretrial detainee's petition may be resolved either by trial on the merits in the

state court, or by other state procedures available to the petitioner, the pretrial detainee must

exhaust these remedies to be eligible for § 2241 relief. See Braden v. 30th Judicial Circuit Court

of Kentucky, 410 U.S. 484, 489–92 (1973); Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010);

Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976).

"A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing]' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (citations and quotation marks omitted).

Only under "special circumstances" will a court find a detainee exhausted remedies before trial. Braden, 410 U.S. at 489; see Brazell v. Boyd, 991 F.2d 787, 1993 WL 98778, at *2 (4th Cir. Apr. 5, 1993) (per curiam) (unpublished table decision) (noting, "where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court[,] no special circumstance is shown." (citation omitted)).

Here, petitioner acknowledges on the face of the petition that he did not fully exhaust his state-court remedies before filing this action. See Pet. [D.E. 4] at 2–5. Because the court discerns no "special circumstances," he is not entitled to the issuance of the writ. See Braden, 410 U.S. at 489 ("[N]othing we have said would permit the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.").

Also, under the Younger abstention doctrine, Younger v. Harris, 401 U.S. 37, 43, 91 S. Ct. 746, 750, 27 L. Ed. 2d 669 (1971), the court must abstain from exercising jurisdiction if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (citation omitted).

Here, the court finds that abstention is appropriate and that no exception to the Younger doctrine applies. Id.; see Robinson, 855 F.3d at 280 (affirming district court's application of the Younger abstention doctrine for § 2241 petitions); cf. Kugler v. Helfant, 421 U.S. 117, 124 (1975).

2

Thus, because petitioner's claims either are unexhausted or otherwise merit abstention under the Younger doctrine, it is clear from the face of the petition that he is not entitled to the requested habeas relief. See 28 U.S.C. § 2243 (providing courts need not seek a response when it is clear on the face of the petition that petitioner is not entitled to relief).

For the reasons discussed above, the court: DISMISSES WITHOUT PREJUDICE the instant § 2241 petition [D.E. 4]; DENIES a Certificate of Appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and DIRECTS the clerk to close the case.

SO ORDERED this 18th day of May, 2026.

RICHARD E. MYERS II
Chief United States District Judge

3